HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLMS MANAGEMENT SERVICES LIMITED PARTNERSHIP, ROUNDHILL I, L.P.,<br><br>Plaintiffs,<br>v.<br><br>AMWINS BROKERAGE OF GEORGIA, LLC; AMRISC, LLC; C.J.W. & ACCOCIATES, INC.; and CERTAIN UNDERWRITERS AT LLOYD'S,<br><br>Defendants. | CASE NO. 3:19-cv-05785-RBL<br><br>ORDER ON MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(B)<br><br>DKT. # 43 |

THIS MATTER is before the Court on Plaintiffs' Motion for Certification Pursuant to 28 U.S.C. § 1292(b). Dkt. # 43. Plaintiffs wish to appeal the Court's December 26, 2019 Order granting Defendants' Motion to Compel Arbitration and Stay Proceedings on the basis that RCW 48.18.200, which bars mandatory arbitration clauses in insurance contracts, is preempted by the Convention on the Recognition of Foreign Arbitral Awards, Art. II, Sec. 3, which requires U.S. Courts to enforce arbitration clauses upon request. Order, Dkt. # 41.

Certification of a non-appealable order under 28 U.S.C. § 1292(b) is appropriate only when the following three requirements are met: (1) the order involves a controlling question of

law; (2) as to which there is a substantial ground for a difference of opinion; and (3) an immediate appeal from the order could materially advance the ultimate termination of the litigation. *See* 28 U.S. C. §1292(b); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1025-26 (9th Cir. 1982). The Ninth Circuit instructs that certification under § 1292(b) "is to be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Exceptional cases are those in which allowing interlocutory appeal would avoid protracted and expensive litigation. *In re Cement Antitrust Litigation*, 673 F.2d at 1026.

This is such a case. First, the issue raised for appeal is controlling because it will determine whether this dispute will be resolved via arbitration in New York or in these proceedings. Second, as the Court observed in its Order, there is considerable disagreement between courts around the country about whether and why the Convention preempts state laws like RCW 48.18.200. *See* Dkt. # 41 at 5-7. The Ninth Circuit has not weighed in on the question. Consequently, although the Court is confident in its reasoning, this is not a run-of-the-mill arbitration scenario; rather, the issue raised for appeal is complex and there is clearly room for disagreement.

Finally, although granting Plaintiffs' Motion will mean that this case temporarily remains in the federal judiciary, it will ultimately lessen the risk of the parties spending unnecessary time litigating. Allowing Plaintiffs to appeal now rather than after the conclusion of arbitration and formal dismissal of this case will eliminate the danger of going through an entire unnecessary arbitration process. On the other hand, denying Plaintiffs' Motion would guarantee that arbitration takes place but may also result in the same appeal occurring on a later date. It is therefore in the interest of efficiency to allow Plaintiffs to go forward with their interlocutory appeal.

For the above reasons, Plaintiffs' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) is GRANTED. This case shall remain STAYED until the culmination of the appeal process.

IT IS SO ORDERED.

Dated this 11th day of February, 2020.

Ronald B. Leighton
United States District Judge